**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HCC INSURANCE HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALDA FLOWERS, MICHAEL REMEIKA, and CREATIVE RISK UNDERWRITERS, LLC, <br><br> Defendants. | 1:15-cv-3262-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants' Valda Flowers ("Flowers"), Michael Remeika ("Remeika"), and Creative Risk Underwriters, LLC ("CRU") (collectively, the "Defendants") Motion for Attorney's Fees and Expenses [124] ("Motion").

**I.    BACKGROUND**

On September 16, 2015, HCC Insurance Holdings, Inc. ("Plaintiff") initiated this action alleging that Flowers, at the direction of Remeika, misappropriated

Plaintiff's trade secrets to establish CRU and compete with Plaintiff.[1] Plaintiff claimed Flowers engaged in a variety of activities that indicated that she misappropriated Plaintiff's trade secrets. On July 29, 2016, Defendants moved for summary judgment [87], and on February 22, 2017, the Court granted the motion and dismissed the action with prejudice [122] ("Summary Judgment Order").

On March 8, 2017, Defendants filed their Motion requesting the Court find that Plaintiff HCC brought and maintained in bad faith its claim for misappropriation of trade secrets pursuant to the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760.

## II. DISCUSSION

### A. Legal Standard

Defendants seek attorney's fees pursuant to the Georgia Trade Secrets Act, which provides that "[i]f a claim of misappropriation [of trade secrets] is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing

---

[1] The Revised Second Amended Complaint [83], filed on June 30, 2016, specifically asserted the following claims: (1) misappropriation and theft of trade secrets, in violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, et seq. ("GTSA"); (2) breach of contract; (3) tortious interference with contract; (4) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. ("CFAA"); (5) breach of fiduciary duty; and (6) attorney's fees under O.C.G.A. § 13-6-11.

party." See O.C.G.A. § 10-1-764. "Whether to grant attorney's fees is firmly within the discretion of the [c]ourt." Greenberg Farrow Architecture, Inc. v. Perkins Eastman Architects, P.C., No. 1:12-cv-1435-ODE, 2014 WL 12694260, at *6 (N.D. Ga. July 1, 2014); see also Brandenburg v. All-Fleet Refinishing, Inc., 252 Ga. App. 40, 43 (Ga. Ct. App. 2001) (finding "the court may award reasonable attorney fees to the prevailing party" pursuant to O.C.G.A. § 10-1-764).

The statute, which is based on the Uniform Trade Secrets Act, does not define "bad faith," and Georgia authority applying O.C.G.A. § 10-1-764 is almost nonexistent. Greenberg, 2014 WL 12694260 at *6. The one decision in this district considering the issue applied the authority of other circuits interpreting the bad faith language used in the Georgia trade secrets statute or other state laws patterned after the Uniform Trade Secrets Act. Id. at *6.

That authority dictates a two-prong approach to determine whether (1) the plaintiff's claim was "objectively specious" and (2) the plaintiff exhibited "subjective misconduct" in bringing or maintaining the claim. Rent Info. Tech., Inc. v. Home Depot U.S.A., Inc., 268 F. App'x 555, 560 (9th Cir. 2008) (interpreting the "bad faith" requirement of O.C.G.A. § 10-1-764). "Objective speciousness exists where there is a complete lack of evidence supporting plaintiff's claim." Id. (citing Computer Econ., Inc. v. Gartner Group, Inc., No. 98-

cv-312 TW(CGA), 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999). "Subjective misconduct [or bad faith] exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." Id.

    B.    Analysis

        1.    Objective Speciousness

Defendants argue that Plaintiff's trade secrets claim[2] is objectively specious "because there is a complete lack of evidence as to every element of a misappropriation of trade secrets claim." ([124.1] at 7). Defendants, to support their argument, rely on Hill v. Best Medical Intern, Inc., which found objective speciousness where "[the defendant] failed entirely to come forth at summary judgment with evidence to support any of its misappropriation claims." 2011 WL 6749036, at *8 (W.D. Pa. Dec. 22, 2011).[3] The facts here reveal, however, that Plaintiff did not "fail[] entirely" to provide evidence to support its claim. Instead, Plaintiff provided some evidence, albeit circumstantial, to support at least some

---

[2] The GTSA "provides that a plaintiff may recover damages for the misappropriation of trade secrets upon proof that (1) it possessed a trade secret, and (2) the opposing party misappropriated it." Diamond Power Intern., Inc. v. Davidson, 540 F. Supp. 2d 1322, 1332 (N.D. Ga. 2007).

[3] Defendants appear to suggest in their Motion that the mere grant of summary judgment is itself sufficient to show "bad faith" on the non-moving party. The rule cannot be, however, that where a party fails to meet the summary judgment standard (e.g. that there is a genuine issue of material fact), he or she has impliedly pursued a claim in bad faith.

4

elements of its misappropriation claim.[4] The Court in the Summary Judgment Order noted that Plaintiff "present[ed] circumstantial evidence that Flowers or Mr. Flowers may have transferred documents to Flowers' home computer." ([122] at 20). The Court also observed that Plaintiff provided some circumstantial evidence that Defendants may have used or disclosed its alleged trade secrets to acquire customers from Plaintiff, including evidence that

1. CRU was formed from the ground up in approximately two months, and "stole" its first account from HCC one month after Remeika and Flowers resigned.
2. Within the first five months of CRU's existence, CRU "stole" 17 former HCC Life accounts.
3. A July 2015 CRU strategy document stated that CRU's strategy was to "cherry-pick" accounts from HCC.

([122] at 21). The fact that the Court ultimately held that Plaintiff failed to present

---

[4] The Court held in its Summary Judgment Order that Plaintiff did not present "any evidence" that it "(1) labeled the [alleged trade secrets] confidential or otherwise communicated the confidentiality of the [alleged trade secrets] directly to its employees; (2) directed its employees to maintain the secrecy of the file other than through a general confidentiality agreement that did not expressly mention the [alleged trade secrets]; or (3) tracked the use of [the alleged trade secrets]." ([122] at 16). The Court concluded that Plaintiff "did not, as a matter of law, take reasonable efforts to maintain the security of the [alleged trade secrets][, and] thus [could not] establish that its [alleged trade secrets were] entitled to protection . . . under the GTSA." (Id. at 16-17). The fact that the Court determined that there was a lack of evidence as to part of Plaintiff's misappropriation claim does not support that Plaintiff's claim was not objectively specious.

5

evidence sufficient to create a genuine issue of material fact on its misappropriation claim does not, as Defendants seem to suggest, imply that Plaintiff pursued its claim in bad faith. Plaintiff presented at least some evidence to support its misappropriation claim, and therefore it cannot be, as the objective speciousness definition provides, that "there is a complete lack of evidence supporting plaintiff's claim." The Court holds that Plaintiff proffered at least some evidence as to its misappropriation claim, which is sufficient to overcome the question of whether Plaintiff's claim was objectively specious.

### 2. Subjective Misconduct

Defendants also contend that Plaintiff exhibited "subjective misconduct" in bringing and maintaining its misappropriation claim. Defendants state that "[e]ven after learning early in the litigation that there was no evidence that Defendants copied any [of Plaintiff's] information, [Plaintiff] decided to go forward with its trade secret claim." ([124.1] at 10). Defendants argue that Plaintiff continued to pursue its claim even after a neutral forensic examiner and Plaintiff's own forensic expert were unable to identify information or files taken from Plaintiff. (Id.). Plaintiff disputes that the forensic investigation conclusively established or put Plaintiff on notice that its misappropriation claim was meritless. ([125] at 21).

Defendants also argue that the testimony of Plaintiff's executives

demonstrates that Plaintiff knew its claim was without merit. For example, Defendants cite to the testimony of Plaintiff's former Regional Vice President of Sales, Bruce Shaver, identified by Plaintiff in its Initial Disclosures [53] as a witness that may have had knowledge of its claims. The following exchange occurred in Shaver's deposition,

> Q: You understand that HCC has alleged that Mr. Remeika stole HCC trade secrets; correct?
> A: Yes.
> Q: And you personally do not believe that, do you?
> A: I do not.
> . . .
> Q: And you do not believe the allegation made by HCC, you personally, that Val Flowers stole HCC trade secrets, do you?
> A: I personally would not have thought that she would have stole trade secrets.

([94.3] at 3). Plaintiff argues that the deposition testimony that Defendants reference in their Motion, including that of Dan Strusz and Bruce Shaver, fails to prove that it acted with subjective bad faith. ([125] at 21-22). Plaintiff contends the testimony involves personal opinions and speculation. (Id. at 22). Defendants argue finally that Plaintiff's "evasiveness during discovery further supports that it knew or should have known that its trade secret claim was baseless." ([124.1] at 13). Plaintiff objects to Defendants' contention. (Id. at 23).

The record here reveals that circumstantial evidence existed as to Plaintiff's misappropriation claim, and the Court cannot conclude that Plaintiff's decision to

continue to litigate the claim was in bad faith. While the expert reports revealed that there was no direct evidence of a transfer of trade secrets, the Plaintiff's expert's report and deposition testimony is sufficient to show that Plaintiff was warranted in believing it may have had a legitimate claim. The following exchange, for example, occurred during the Plaintiff's expert's deposition:

> Q: You have got on Page 3 of your report, "Flowers' Activity on HCC's Computer System and Her HCC Life Work Computer in the Days Before Her Resignation." You see that?
> A: Yes, sir.
> Q: And you focus on activities where she moved and deleted a bunch of e-mails and accessed a bunch of Hot Sheets, correct?
> A: Through my experience and the activity and her suspicious behavior, she moved that number of e-mails for no apparent reason through the investigation or no alerts or limits that were brought to my attention. Just the overall activity and moving them outside of the HCC network, and then having the ability to move those to other devices without being tracked, yes, I find that highly suspicious.

([92.4] at 9). The expert report explained that "8,683 e-mails were moved from Flowers' HCC Life Insurance Company ("HCC Life") e-mail account to her personal home folder on HCC Life's network server," that a number of the alleged trade secret materials were copied onto the local drive of Flowers' work computer, including the alleged trade secret materials, and that those files were deleted days before Flowers' resignation. Although the expert admitted that he could not locate direct evidence of transferred trade secrets to Defendants' personal computer or other devices, he provided at least some circumstantial evidence suggesting

conduct supporting the claim.  Advanced Technology Services, Inc. v. KM Docs, LLC, No. 1:11-cv-3121-TWT, 2013 WL 3280032, at *2 (June 27, 2013) (finding that although circumstantial evidence presented by the plaintiff as to its copyright claim was insufficient to overcome summary judgment, the plaintiff did not act in bad faith).

The Court further finds that the testimony of Plaintiff's own witnesses regarding whether Defendants may have engaged in misappropriation of trade secrets does not itself support the fact that Plaintiff engaged in subjective misconduct.  A review of the record shows that those witnesses provided personal opinions regarding legal conclusions of the case.  Such evidence does not prove that Plaintiff knew or was reckless in not knowing that its claim for trade secret misappropriation had no merit.  And, finally, the Court finds Defendants' argument regarding Plaintiff's "evasiveness" during discovery unsupported by facts in the record.

The Court holds that Plaintiff did not engage in subjective misconduct in bringing or maintaining its misappropriation claim.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and Expenses [124] is **DENIED**.

**SO ORDERED** this 6th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10